IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
MICHAEL FRANKLIN #N-52396, )
 )
              Petitioner, )
 )
v. )   No.  06 C 5780
 )
WARDEN SIMS - TAYLORVILLE C.C., )
 )
              Respondent. )

MEMORANDUM OPINION AND ORDER

Michael Franklin ("Franklin") has filed a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") to challenge his conviction on an armed robbery charge in the Circuit Court of Cook County--a conviction on which Franklin is serving a 23 year custodial sentence. This Court has conducted the preliminary review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and that review calls for dismissal of the Petition.

There is no question that Franklin has satisfied the timing and the exhaustion-of-remedies requirements of Sections 2244(d) and 2254(b)(1). As to both of those requirements, his direct appeal of his conviction included the one challenge that he now tenders to this Court--a <u>Batson</u> challenge to the jury selection process--so that it was addressed in detail by the Illinois Appellate Court for the First District in its September 9, 2005

---

    [1]    All further references to Title 28's provisions will simply take the form "Section--."

unpublished order ("Order") in Case No. 1-03-2433, after which the Illinois Supreme Court denied Franklin's motion for leave to appeal on December 1, 2005.[2]

As a result of the 1996 congressional enactment colloquially referred to as AEDPA, the overturning of a reasoned state court adjudication of a federal constitutional claim has become far more difficult. Here is Section 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In that respect, such cases as Williams v. Taylor, 529 U.S. 362, 409 (2000) and Lockyer v. Andrade, 538 U.S. 63, 76 (2003) require a state court's application of a "governing legal principle"

---

[2] Franklin then brought a state post-conviction petition "to give the trial court one full opportunity to review what had happened and to make an evaluation of his actions on the merits and contentions" (Petition Pt. II ¶1.C). When that petition was summarily dismissed, Franklin did not attempt to take an appeal--but the Illinois Supreme Court's earlier consideration and rejection of direct review of the Order, with its treatment of the Batson issue, had satisfied Franklin's obligation to tender that issue to the Illinois Supreme Court pursuant to O'Sullivan v. Boerckel, 426 U.S. 838, 845 (1999).

under Section 2254(d)(1) to have been "objectively unreasonable"--that is, even more problematic than simply incorrect and clearly erroneous. Needless to say, our Court of Appeals has heeded that teaching--see, e.g., the thorough treatment of the subject in Badelle v. Correll, 452 F.3d 648, 654-55 (7th Cir. 2006); and in the specific context of a Batson claim, see also Anderson v. Cowan, 227 F.3d 893, 896, 901-02 (7th Cir. 2000).

In this instance the Illinois Appellate Court's Order engaged in a careful and extensive parsing of Batson's requirements in the detailed terms previously marked out by the Illinois Supreme Court in People v. Williams, 173 Ill.2d 48, 70-71, 670 N.E.2d 638, 649-50 (1996). True enough, that extended discussion (Order at 6-11) produced a similarly careful and extensive dissent from that court's Justice Neville (Order at 20-28). But it is not relevant whether, as a matter of first impression, which of those two Appellate Court opinions this Court might find more persuasive--what controls instead is that it cannot fairly be said that the majority opinion was "objectively unreasonable" in the sense required by AEDPA and the caselaw applying it.

Hence the AEDPA standard for habeas relief has simply not been met. In those terms "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

3

relief in the district court" (Section 2254 Rule 4). And that being so, the same Rule 4 requires that this District Court dismiss the Petition, and it does so.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: October 31, 2006